## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

```
************************************
In Re:                              *
                                    *
    Advanced Energy Systems, Inc.   *
                                    *     Chapter 7
                                    *     Case No. 02-13358-JMD
            Debtor(s)               *
************************************
STEVEN M. NOTINGER,                 *
Chapter 7 Trustee                   *
Plaintiff                           *     Adv. Pro. No. _____
                                    *
        v.                          *
                                    *
PLUG POWER, INC.,                   *
Defendant                           *
************************************
```

## COMPLAINT

NOW COMES Steven M. Notinger, Chapter 7 Trustee for the Estate of Advanced Energy Systems, Inc. ("the Debtor"), and complains against the Defendant, Plug Power, Inc., as follows:

## PARTIES

1. The Plaintiff, Steven M. Notinger, (hereinafter "the Trustee") is the Chapter 7 Trustee of the bankruptcy estate of Advanced Energy Systems, Inc., whose address is 402 Amherst Street, Nashua, Hillsborough County, State of New Hampshire 03063.

2. The Defendant, Plug Power, Inc. (hereinafter, "the Defendant") is a Delaware corporation with a principal place of business at 968 Albany Shaker Road, Latham, NY 12110 and a registered agent at CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

## JURISDICTION

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334(a), and this matter is a core proceeding in that it is filed to determine a preferential transfer of estate property pursuant to 11 U.S.C. §157(b).

## FACTS

4. Debtor filed a Chapter 7 bankruptcy petition on October 29, 2002 (hereinafter the "Petition Date") and Steven M. Notinger was appointed as Chapter 7 Trustee.

5. According to the Debtor's business records within one year of the Petition Date the Debtor made payment(s) to the Defendant totaling $25,000.00 (hereinafter, "the Payment").

6. On information and belief, the Payment was made within one year preceding the Petition Date.

7. On information and belief, the Payments were made on a past-due bill(s) or invoice(s) from the Defendant to the Debtor.

8. The Defendant was an insider of the Debtor as indicated on its schedules. On information and belief, the Defendant was a member of the Debtor's board of directors.

## COUNT I (Preferential Transfer of the Payment)

9. The Trustee hereby repeats and realleges Paragraphs 1-8 above.

10. Pursuant to 11 U.S.C. §547(b), the Trustee -

"may avoid any transfer of an interest of the debtor in property -

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before the transfer was made;

(3) made while the debtor was insolvent

(4) made - ...

    (A) on or within 90 days before the date of the filing of the petition; ...and

(5) that enables such creditor to receive more than such creditor would receive if-

    (A) the case were a case under chapter 7 of this title;

    (B) the transfer had not been made; and

    (C) such creditor received payment of such debt to the extent provided by the provisions of this title."

11. To the extent that the Debtor paid the Payment, or any portion thereof, to the Defendant within 90 days of the Petition Date, the Trustee is entitled to recover the Payment (or that portion thereof) under 11 U.S.C. §547(b)(4)(A).

12. On information and belief, the Payment was payment on an antecedent debt owed by the Debtor on past-due invoice(s) from the Defendant.

13. Based on the Bankruptcy Schedules and the amount of Proofs of Claim filed in this case (which total over One Million Dollars), on information and belief, the Debtor was insolvent when the Payment was paid to the Defendant.

14. The Payment allowed the Defendant, an unsecured creditor, to receive more than it would have if the case were a chapter 7, and the transfer had not been made.

15. Therefore, the Payment is an avoidable preference pursuant to 11 U.S.C. §547(b).

16. The Trustee requests that the Court avoid said preferences and order the Defendant to pay him the amount transferred to it ($25,000.00) pursuant to 11 U.S.C. §547(b) and 11 U.S.C. §550(a).

### COUNT II (Preferential Transfer to An Insider)

17. The Trustee hereby repeats and realleges Paragraphs 1-16 above.

18. Pursuant to 11 U.S.C. §547(b), the Trustee -

"may avoid any transfer of an interest of the debtor in property -

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before the transfer was made;

(3) made while the debtor was insolvent

(4) made - ...

    (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if-

    (A) the case were a case under chapter 7 of this title;

    (B) the transfer had not been made; and

    (C) such creditor received payment of such debt to the extent provided by the provisions of this title."

19. To the extent that the Debtor paid the Payment, or any portion thereof, to the Defendant between 90 days and one year before the Petition Date, the Trustee is entitled to recover the Payment (or that portion thereof) under 11 U.S.C. §547(b)(4)(B) if the Defendant was an insider.

20. The Defendant was an insider of the Debtor.

21. On information and belief, the Payment was payment on an antecedent debt owed by the Debtor on past-due invoice(s) from the Defendant.

22. Based on the Bankruptcy Schedules and the amount of Proofs of Claim filed in this case

4

(which total over One Million Dollars), on information and belief, the Debtor was insolvent when the Payment was paid to the Defendant.

23. The Payment allowed the Defendant, an unsecured creditor, to receive more than it would have if the case were a chapter 7, and the transfer had not been made.

24. Therefore, the Payment is an avoidable preference pursuant to 11 U.S.C. §547(b).

25. The Trustee requests that the Court avoid said preferences and order the Defendant to pay him the amount transferred to it ($25,000.00) pursuant to 11 U.S.C. §547(b) and 11 U.S.C. §550(a).

## COUNT III (Post-Petition Transfer)

26. The Trustee hereby repeats and realleges Paragraphs 1-25 above.

27. The Debtor's records indicate that some checks written pre-petition by the Debtor were cashed by the recipient(s) on or about the Petition Date, or perhaps thereafter.

28. To the extent any of the Payment made to the Defendant was cashed on the Petition Date or thereafter, they would be unauthorized post-petition transfers of property of the estate pursuant to 11 U.S.C. §549.

29. The Trustee may avoid any transfer of property of the estate that occurs after the commencement of the case and which is unauthorized by the Bankruptcy Code or the Bankruptcy Court. See 11 U.S.C. §549.

30. Any part of the $25,000.00 Payment made to the Defendant on or after the Petition Date is recoverable by the Trustee pursuant to 11 U.S.C. §549 and §550.

. 31. The Trustee requests that the Court avoid any such post-petition transfer(s) and order the Defendant to pay him the amount transferred to it post-petition pursuant to 11 U.S.C. §549 and 11 U.S.C.

§550(a).

WHEREFORE, the Trustee requests that this Honorable Court:

A.    Grant him judgment on the appropriate Counts I-III above, including any appropriate interest and costs;

B.    Order the Defendant to pay to the Trustee the total sum of $25,000.00, plus any appropriate interest and costs; and

C.    Grant such other and further relief as is just and necessary.

Respectfully Submitted,
Steven M. Notinger, Chapter 7 Trustee

Dated:  10/27/04

/s/ Deborah A. Notinger
Deborah A. Notinger, Esq.
Attorney for Chapter 7 Trustee
DONCHESS & NOTINGER, P.C.
402 Amherst Street, #204
Nashua  NH  03063
(603) 886-7266

s:\dan\trustee\Advanced Energy\Plug Power\Complaint